**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JOSE MORA**                                                                                      **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 5:11cv178DCB-JMR**

**UNKNOWN ROBINSON, et al.**                                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter comes before this Court on Jose Mora's [Mora] Motion [16] for interlocutory injunction.  Mora seeks an order from this Court directing the warden at the Federal Correction Center in Yazoo City, Mississippi, to implement a certain nutritional program to prevent irreparable harm to him.  (Ct. R., Doc. 16, p. 1.)  Having considered the Motion [16], this Court finds that it is not well taken and should be denied.

To secure injunctive relief, the moving party has the burden of demonstrating (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury absent an injunction; (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmoving party; and (4) that granting the injunction will not disserve the public interest.  Hoover v. Morales, 164 F.3d 221, 224 (5th Cir. 1998).  Furthermore, an injunction is an extraordinary remedy granted only if the movant clearly carries the burden of persuasion on all factors.  *Cherokee Pump & Equip. Co. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).  If the movant fails to prove that irreparable injury will occur if the injunction does not issue, the motion for an injunction will be denied. *Canal Auth. v. Callaway*, 489 F.2d 567, 574 (5th Cir. 1974).  An injury is only irreparable if it cannot be undone through a remedy at law.

The Court will be able to render a meaningful decision on the merits without granting a

temporary restraining order and/or a preliminary injunction.  Furthermore, the Court finds that there is no substantial threat that the Plaintiff will suffer irreparable injury if the temporary restraining order and/or preliminary injunction is not granted.  Plaintiff's Motion fails to met each of the four prerequisites stated above.  Thus, in light of the foregoing prerequisites and standards, it is clear that Plaintiff's Motion [16] should be denied without a hearing.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, or by no later than May 10, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).  A copy of this R & R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

This the 26th day of April, 2012.

                                                    *s/John M. Roper, Sr.*
                                           CHIEF UNITED STATES MAGISTRATE JUDGE